**Luis Felipe MOLINA–GALINDO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71230.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006 *.

Filed Nov. 15, 2006.

David B. Gardner, Esq., Law Offices of David B. Gardner, Los Angeles, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Aviva L. Poczter, Esq., Carolyn Vines Sapla, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD and CLIFTON, Circuit Judges.

### MEMORANDUM **

Luis Felipe Molina–Galindo, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals'

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

("BIA") order summarily affirming the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir.2004) (findings of fact are reviewed for substantial evidence), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that Molina–Galindo failed to establish past persecution or a well-founded fear of persecution on account of his religion, political opinion or imputed political opinion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Molina–Galindo provided insufficient evidence, direct or circumstantial, that his attackers were or would be motivated to persecute him because of his actual or perceived status or belief. *See Sangha v. INS*, 103 F.3d 1482, 1486–87 (9th Cir.1997); *see also Elias–Zacarias*, 502 U.S. at 483, 112 S.Ct. 812.

Because Molina–Galindo did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the IJ's denial of CAT relief because Molina–Galindo did not establish that it is more likely than not that he will be tortured if returned to Guatemala. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Finally, Molina–Galindo's claim that the IJ failed to cite to "any case, statute or regulation" is contradicted by the IJ's decision and any challenge to the streamlin-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-

ing process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**